FILED
MISSOULA, MT

2006 SEP 29 PM 3 37

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES, NATIVE ECOSYSTEMS COUNCIL, and THE ECOLOGY CENTER, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> ABIGAIL KIMBELL, Regional Forester of Region One of the U.S. Forest Service; TOM CLIFFORD, in his official capacity as Forest Supervisor for the Helena National Forest; and UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture, <br><br> Defendants. | CV 04-78-M-DWM <br><br><br> ORDER |

## I. Introduction

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation in this matter on September 7, 2006.

Plaintiffs timely objected on September 18, 2006. Plaintiffs therefore are entitled to a de novo determination of those portions of the Findings and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Lynch recommended granting Defendants' motion for summary judgment and denying Plaintiffs' motion for summary judgment. I agree with Judge Lynch's analysis. The Parties are familiar with the procedural history and the factual background so they will not be restated here.

## II. Analysis

Judge Lynch considered the parties' extensive briefing in this case and thoroughly reviewed the record in determining the Forest Service complied with the National Forest Management Act ("NFMA") and the National Environmental Policy Act ("NEPA") in approving the Clancy-Unionville Vegetation Manipulation and Travel Management Project ("Project") in the Helena National Forest ("HNF"). Plaintiffs raise three objections to Judge Lynch's Findings and Recommendation.

Plaintiffs first object to Judge Lynch's determination that Plaintiffs abandoned some of their claims at oral argument. In Judge Lynch's Findings and Recommendation, he notes Plaintiffs

abandoned two claims: (1) the Forest Service violated NFMA by failing to release the results of a 1994 Five Year Review ("1994 FYR") of the HNF Plan thereby frustrating the public's participation in the forest planning process; and (2) the Forest Service violated NFMA by failing to revise or amend the HNF Plan to reflect concerns expressed in the 1994 FYR. In their objections, Plaintiffs state "[w]hat Plaintiff meant when it responded to a question from the magistrate as to whether we were challenging the Forest Plan itself was simply that we were challenging the manner of implementation . . . . [W]e are not challenging the Forest Plan for not having been revised, but rather we are challenging the implementation of that Plan as being inconsistent with the duty to insure species viability." Plaintiffs thus make clear they are not challenging the HNF Plan itself, but rather implementation of that plan under NFMA.

Implementation of a forest plan occurs through site-specific projects. Neighbors of Cuddy Mtn. v. U.S. Forest Serv., 137 F.3d 1372, 1376 (9th Cir. 1998). To comply with NFMA, these site-specific projects must be consistent with the forest plan. Id. at 1376-77. Therefore, to challenge implementation of a forest plan, a plaintiff must allege a site-specific project is not consistent with that plan. In the instant case, Plaintiffs have alleged the Project is inconsistent with the Forest Plan because the Project does not comply with the Forest Plan's old growth

standards and fails to assure the viability of populations of management indicator and sensitive species. These allegations are addressed by Judge Lynch in his Findings and Recommendation. Although Judge Lynch noted Plaintiffs abandoned any challenge to the HNF Plan itself, he recognized Plaintiffs maintained their claim that "the Project does not comply with the 1986 Forest Plan." Judge Lynch then proceeded to determine "whether the Forest Service followed the best available science in a manner consistent with its obligations under the Forest Plan." Judge Lynch therefore did not deem any claims abandoned that Plaintiffs do not concede in their objections were abandoned; rather, he assessed Plaintiffs' claims challenging implementation of the HNF Plan.

Plaintiffs' second objection, which they term a "more general objection[]," suggests Judge Lynch failed to undertake a careful and searching examination of the administrative record. Plaintiffs contend "the only way [this Court] can accept the magistrate's findings and recommendations in this case is to don blinders when examining a record that can only be characterized as an expression of utter contempt for, and disregard of, environmental protection laws . . . ." Plaintiffs, however, fail to provide a single reason explaining why Judge Lynch's numerous citations to the administrative record are inaccurate or inadequate. Instead, Plaintiffs revert to their claim that the

Forest Service suppressed, or failed to address, the conclusions and recommendations of experts contained in the 1994 FYR. As already discussed, however, Plaintiffs acknowledge Congress has barred challenges to the Forest Service's failure to revise the HNF Plan in accordance with the 1994 FYR.

Plaintiffs' final objection relates to the Forest Service's use of a qualitative rating system instead of quantitative data in determining population viability. Plaintiffs seem to raise two issues in this regard. First, Plaintiffs appear to suggest NFMA requires the Forest Service to use quantitative data in the form of population counts to ensure species viability. As Judge Lynch explained, however, the Ninth Circuit has approved the use of qualitative data to ensure species viability so long as the methodology underlying that data is sound. See Envtl. Prot. Info. Ctr. v. U.S. Forest Serv., 451 F.3d 1005, 1017 (9th Cir. 2006). Plaintiffs' second concern appears to relate to Judge Lynch's finding that the methodology underlying the Forest Service's habitat data is sound. Plaintiffs assert "the law actually requires the Court to delve beneath the [surface] and test those general statements by ensuring that the hard data has been collected and that it supports the conclusions." It is clear, however, that Judge Lynch did delve beneath the surface in assessing the mythology used by the Forest Service. In regard to the goshawk, for example, Judge Lynch noted the record contains

years worth of data including habitat sampling, annual nest site surveys and monitoring, and field surveys. Plaintiffs fail to explain in their objections exactly why they believe Judge Lynch's assessment of the Forest Service's methodology is flawed.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation are adopted in full. Defendants' motion for summary judgment is GRANTED. Plaintiffs' motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that Defendants' motion for an extension of time to file a response to Plaintiffs' objections (dkt # 53) is DENIED as moot.

Dated this 29th day of September, 2006.

Donald W. Molloy, Chief Judge
United States District Court